IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John E. Hoffman,                            ) | C/A No. 0:15-4941-MGL-PJG |
|                                              ) | |
| Plaintiff,           ) | |
|                                              ) | |
| v.                                           ) | **REPORT AND RECOMMENDATION** |
|                                              ) | |
| Carolyn W. Colvin, Acting Commissioner  ) | |
| of Social Security,                          ) | |
|                                              ) | |
| Defendant.         ) | |
| _____) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, John E. Hoffman, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

    (1)    whether the claimant is engaged in substantial gainful activity;

    (2)    whether the claimant has a "severe" impairment;

    (3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)    whether the claimant can perform his past relevant work; and

    (5)    whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).



**ADMINISTRATIVE PROCEEDINGS**

In February 2012, Hoffman applied for DIB, alleging disability beginning January 11, 2010. Hoffman's application was denied initially and upon reconsideration, and he requested a hearing before an ALJ. A hearing was held on April 9, 2014, at which Hoffman, who was represented by Jason A. Stegner, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on June 8, 2014 finding that Hoffman was not disabled. (Tr. 14-27.)

Hoffman was born in 1973 and was thirty-six years old on his alleged disability onset date. (Tr. 26.) He has a high school education and training as a professional truck driver. (Tr. 204.) He has past relevant work experience as a delivery driver and a paper processor. (Id.) Hoffman alleged disability due to psoriasis, tissue damage, and a hernia. (Tr. 203.)

In applying the five-step sequential process, the ALJ found that Hoffman had not engaged in substantial gainful activity since January 11, 2010—his alleged onset date. The ALJ also determined that Hoffman's psoriasis, psoriatic arthritis, status post inguinal hernia repair, status post left ankle tendon injury, and obesity were severe impairments. However, the ALJ found that Hoffman did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Hoffman retained the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) except: he is restricted from working in an environment with excessive heat, cold, humidity or wetness; he is limited to only occasional stooping; he is restricted from crouching, crawling, or kneeling; and he is restricted from exposure in his work to respiratory irritants such as smoke or fumes, from sunlight, and from loud noise.

(Tr. 19-20.) The ALJ found that Hoffman was unable to perform any past relevant work, but that, considering Hoffman's age, education, work experience, and residual functional capacity, there were



jobs that existed in significant numbers in the national economy that Hoffman could perform. Therefore, the ALJ found that Hoffman was not disabled from January 11, 2010—his alleged onset date—through the date of the decision.

Hoffman submitted additional evidence to the Appeals Council, which denied Hoffman's request for review on October 19, 2015, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.



**ISSUE**

Hoffman raises the following issue for this judicial review: "The ALJ's RFC analysis was not based on substantial evidence." (Pl.'s Br. at 1, ECF No. 14 at 1.)

**DISCUSSION**

Hoffman first argues that the ALJ's residual functional capacity analysis is deficient because she failed to explain the basis for the limitations set out in Hoffman's residual functional capacity. He further argues that the ALJ failed to indicate whether she considered Hoffman's ankle pain, pain from psoriasis, psoriatic arthritis, and obesity in combination to further reduce Hoffman's residual functional capacity. In support of this argument, Hoffman asserts that the record reflects that his psoriasis causes pain and his skin bruises easily. Hoffman also directs the court to evidence from an incident where his daughter fell against him and tore the skin off his shins, which he alleges "required weeks of close medical management for the wounds to heal."[2] (Pl.'s Br. at 8, ECF No. 14 at 8.) Hoffman acknowledges that the ALJ noted that Dr. Rogers's records often indicated that Hoffman's skin was 95% clear; however, Hoffman argues that the ALJ failed to account for Dr. Rogers's opinion that 5% represented moderate symptoms with regard to discomfort and severity.

A claimant's residual functional capacity is "the most [a claimant] can still do despite [his] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R.

---

[2] The Commissioner points out that this evidence was presented for the first time to the Appeals Council; thus, the ALJ would not have had this evidence before her for consideration. However, the parties appear to agree that the evidence was admitted into the record and considered by the Appeals Council. In any event, applicable law requires the court to " 'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record' " and determine whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard. Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (alterations in original) (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*)).



§ 404.1545(a)(1). In assessing residual functional capacity, an ALJ should scrutinize "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Where a claimant has multiple impairments, the ALJ must consider the combined effect of those impairments in determining whether the claimant is disabled. 20 C.F.R. § 404.1523; see also Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989); Mazyck v. Astrue, C/A No. 8:10-2780-TMC, 2012 WL 315648, at *2 (D.S.C. Feb. 1, 2012) ("The ALJ's duty to consider the combined effect of Plaintiff's multiple impairments is not limited to one particular aspect of its review, but is to continue 'throughout the disability process.' ") (citing 20 C.F.R. § 404.1523). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting her conclusions with respect to a claimant's residual functional capacity.

      Upon review of the ALJ's decision and the entire record in this matter, the court finds that the majority of Hoffman's argument essentially asks the court to again analyze the facts and reweigh the evidence presented, contrary to the substantial evidence standard of review that this court is bound to apply at this stage in the proceedings. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"). Here, the ALJ's decision reflects that she thoroughly considered all of the evidence relating to Hoffman's alleged impairments when performing the residual functional capacity assessment. For example, the ALJ discussed and weighed Hoffman's testimony, supporting statements from relatives, a consultative evaluation, treatment records, and medical opinion evidence. Limitations included in the opinion evidence or testimony that were discounted or rejected by the ALJ were also addressed in this discussion. The court finds that the ALJ's decision as a whole reflects that she adequately considered Hoffman's impairments in combination in determining Hoffman's residual functional capacity. Hoffman's conjecture that



further discussion of Hoffman's impairments in combination could further reduce Hoffman's residual functional capacity is insufficient to demonstrate that the ALJ's analysis is unsupported by substantial evidence. To the extent that Hoffman suggests additional limitations should have been included to further accommodate Hoffman's skin condition (without detailing what those additional limitations could have been), the court finds his arguments are similarly insufficient to demonstrate that the ALJ's residual functional capacity assessment is unsupported by substantial evidence.

Hoffman next challenges the ALJ's credibility determination. With regard to subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig, 76 F.3d at 594. The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Id. (internal quotation omitted). During the second step, the ALJ must expressly consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects [his] ability to work." Id. In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which



it impairs [his] ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges []he suffers." Id. The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

> (i) Your daily activities;
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

In this case, the ALJ summarized Hoffman's allegations and his hearing testimony in detail. (Tr. 20-22.) The ALJ found that Hoffman's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, his statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible based on the record in this case. (Tr. 22.) The ALJ first observed that Hoffman's solid and consistent earnings history lent credibility to his testimony; however, the ALJ found that "the medical evidence in the record does not support the severity of symptoms and limitations alleged by the claimant . . . ." (Id.) The ALJ then proceeded to summarize and evaluate the medical records and the opinion evidence



in this case. From the ALJ's discussion of this evidence, and as argued by the Commissioner, it is clear that Hoffman's testimony was inconsistent with (1) the information Hoffman provided during his August 2012 consultative physical evaluation (Tr. 22, 351-52); (2) the consultative examiner's clinical findings (Tr. 22-23, 352-53); (3) the fact that Hoffman did not return for follow-up treatment with Dr. W. Hodges Davis for his left tendon ankle injury after his April 21, 2010 appointment (Tr. 23, 343); (4) Dr. Rogers's[3] treatment notes, indicating Hoffman was doing very well or really well, was seen less frequently over time, and that Dr. Rogers considered him "a Stelara success story" (Tr. 24, 358-62, 364-66); and (5) the state agency examiners' opinions that Hoffman's limitations were not work preclusive. (See. Def.'s Br. at 16-17, ECF No. 15 at 16-17.) The ALJ also found that

> the claimant was initially diagnosed with psoriasis and psoriatic arthritis in 1989. The record also reveals that the claimant's allegedly disabling impairment psoriasis was present at approximately the same level of severity prior to the alleged onset date, and did not prevent him from working. Although the claimant testified that his psoriasis had worsened since the alleged onset date, this is not borne out by the evidence in Dr. Rogers' treatment notes and April 7, 2014 letter. Quite the contrary, Dr. Rogers' notes and his letter make very clear that since he started taking Stelara in January 2010, the claimant's psoriasis has vastly improved. The fact that the claimant's psoriasis did not prevent the claimant from working prior to the alleged onset date strongly suggests that it would not currently prevent work.

> One theme in all these statements that seems recurrent is that the claimant cannot return to his previous work at the "medium" exertional level as a delivery driver. The Administrative Law Judge completely agrees. Nevertheless, the inability to perform his past work is not the standard for disability under the Act. Rather, the standard is the ability to actually perform any other work available in the national economy. It does not appear that the claimant has contacted vocational rehabilitation, or sought any other type of work. The claimant's practical problem now is to obtain work with his current physical limitations. After careful consideration of the evidence as a whole, the Administrative Law Judge is convinced that there was not a period of 12 continuous months since the alleged onset date of January 11, 2010, in which the claimant did not have the residual functional capacity for a wide range

---

[3] The parties appear to agree that the ALJ mistaken referred to Dr. Rogers as Dr. Davis at this point in the decision.



of work at the "light" exertional level. Therefore, the undersigned has limited the claimant's lifting and carrying to no more than 20 pounds on an occasional basis, which is consistent with the restrictions placed on the claimant by his surgeon, Dr. Borhanian, on January 5, 2010, and again on March 10, 2014. (Ex 1F; 12F)

(Tr. 25.)

Hoffman argues that there is a "wide gulf between Mr. Hoffman's complaints and the ALJ's RFC" and that the ALJ failed to sufficiently explain her rationale for discounting Hoffman's credibility. He also argues that the ALJ impermissibly discounted his credibility due to his failure to follow up with Dr. Davis and because he lacked the funds to be seen by anyone other than Dr. Rogers.

However, the court has reviewed the ALJ's decision as a whole, as well as the records in this matter, and finds that Hoffman has failed to demonstrate the ALJ's determination regarding Hoffman's credibility is unsupported or controlled by an error of law. As stated above, it the ALJ's duty to weigh credibility. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"). Moreover, contrary to Hoffman's arguments, the ALJ's decision as a whole reflects that she considered and evaluated the relevant factors in weighing Hoffman's credibility. See 20 C.F.R. § 404.1529(c)(3); Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (noting that a claimant's allegations "need not be accepted to the extent that they are inconsistent with available evidence"); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) (*per curiam*) (finding that the ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints); Blalock, 483 F.2d at 775 (indicating that even if the court disagrees with the Commissioner's decision, the court must

uphold it if it is supported by substantial evidence). Additionally, Hoffman's failure to follow up with Dr. Davis or seek treatment from anyone other than Dr. Rogers was only one reason among several that were discussed by the ALJ in support of discounting Hoffman's credibility. To the extent Hoffman may be able to point to selective records or activities that may support his subjective complaints, the court may not substitute its judgment for the Commissioner's and finds that the ALJ's conclusions are within the bounds of the substantial evidence standard. See Craig, 76 F.3d at 595 (stating that a claimant's subjective complaints of pain itself or its severity "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers"). Thus, Hoffman has failed to demonstrate that the ALJ's evaluation of his credibility is unsupported by substantial evidence or controlled by an error of law.

## RECOMMENDATION

For the foregoing reasons, the court finds that Hoffman has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____

December 12, 2016                              Paige J. Gossett
Columbia, South Carolina                       UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).